983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gail J. MAYHEW, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3410.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and ARCHER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 Decision
 
 1
 Gail J. Mayhew appeals the decisions of the Merit Systems Protection Board (MSPB) that affirmed the decisions of the Office of Personnel Management (OPM) denying Mrs. Mayhew's application for survivor benefits as a widow under the Civil Service Retirement Act (CSRA), and her application on behalf of her daughter, Rhonda Mayhew, for survivor benefits as the stepchild of Carl N. Mayhew.[1] We affirm.
 
 Facts
 
 2
 Carl N. Mayhew retired from Federal Service on 30 June 1972. At the time of his retirement, he was married to Catherleen B. Mayhew. Mr. Mayhew elected to provide Catherleen B. Mayhew with a widow's survivor annuity benefit under the Civil Service Retirement System (CSRS). Mr. Mayhew was granted an absolute divorce from Catherleen Mayhew on 11 October 1983. The Office of Personnel Management notified Mr. Mayhew by letter dated 17 September 1984 that his retirement benefits had been adjusted to eliminate the reduction to provide for a widow's survivor benefit. In addition, the letter explained that in the event of remarriage, Mr. Mayhew was required to notify OPM within one year of the remarriage if he desired to elect a widow's survivorship annuity for his new spouse.
 
 
 3
 Carl N. Mayhew formally married Gail Mayhew on 11 October 1988.[2] Mr. Mayhew died less than two months later on 8 December 1988. Mrs. Mayhew applied for a widow's survivor annuity and for a dependent child's survivor benefits on behalf of her daughter as Carl N. Mayhew's stepchild on 14 February 1989.
 
 Standard of Review
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence.
 
 
 8
 5 U.S.C. § 7703(c) (1988). An applicant for benefits under the CSRS has the burden of showing that she is entitled to benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 Widow's Survivor Annuity
 
 9
 As amended by Public Law 98-615, with respect to applications for survivor benefits filed after 7 May 1985, the CSRA provides the following:
 
 
 10
 (1) 'widow' means the surviving wife of an employee or Member who--
 
 
 11
 (A) was married to him for at least 9 months immediately before his death....
 
 
 12
 5 U.S.C. 8341(a) (1988). In addition, prior to 7 May 1985, section 8339(j) provided:
 
 
 13
 Upon remarriage the retired employee or Member may irrevocably elect during such marriage, in a signed writing received in the Office within 1 year after such remarriage, a reduction in his annuity for the purpose of allowing an annuity for his spouse in the event such spouse survives him.
 
 
 14
 5 U.S.C. 8339(j) (1982). After 7 May 1985, Public Law 98-615 modified section 8339(j) to extend the required election period from one to two years. 5 U.S.C. 8339(j)(3) (1988).
 
 
 15
 The MSPB affirmed OPM's reconsideration decision denying Mrs. Mayhew's application for a widow's survivor annuity in its decision of 27 July 1990.[3] The Administrative Judge (AJ) based his decision on the fact that no record exists that Mr. Mayhew ever submitted a signed writing to OPM in which he elected to provide Mrs. Mayhew with a widow's survivor annuity. Furthermore, the MSPB found, and Mrs. Mayhew admitted, that she manufactured forms purporting to be Mr. Mayhew's election for a widow's survivor annuity by "cutting and pasting" Mr. Mayhew's signature. Mrs. Mayhew submitted the fraudulent, undated forms to OPM on 24 March 1989. In addition, the AJ based his decision on the findings that: (1) the record reflects that Mr. Mayhew's annuity was increased in September of 1984 following the submission of his divorce decree from Catherleen Mayhew; and (2) the agency notified Mr. Mayhew in September of 1984 that in the event of remarriage, Mr. Mayhew was required to make an election for a widow's survivor annuity within one year of the remarriage.
 
 
 16
 The findings of the AJ are supported by substantial evidence and his conclusions are correct as a matter of law. Accordingly, the decision of the MSPB denying Mrs. Mayhew a widow's survivorship annuity is affirmed.
 
 Stepchild's Survivor Annuity
 
 17
 In order for Mrs. Mayhew's daughter, Rhonda Mayhew, to receive survivor benefits as a stepchild of Carl N. Mayhew, she must meet the CSRA's definition of child:
 
 
 18
 (4) 'child' means--
 
 
 19
 (A) an unmarried dependent child under 18 years of age, including ... (ii) a stepchild but only if the stepchild lived with the employee or Member in a regular parent-child relationship....
 
 
 20
 5 U.S.C. 8341(a)(4)(A)(ii) (1988).
 
 
 21
 The MSPB affirmed OPM's reconsideration decision denying Mrs. Mayhew's application for survivor benefits for Rhonda as the stepchild of Carl N. Mayhew[4]. The Administrative Judge (AJ) based her decision on the fact that Rhonda failed to meet her burden of proof on the statutory requirement that she "lived with" Mr. Mayhew in a "regular parent-child relationship." The AJ found that during the relevant time period Mr. Mayhew lived at the Roosevelt Hotel, a senior citizens residence in Washington, D.C. Because of age restrictions at the Roosevelt Hotel, Mrs. Mayhew and Rhonda resided elsewhere; however, they visited Mr. Mayhew during the daytime. The AJ reasoned that because neither Mrs. Mayhew nor Rhonda ever lived with Mr. Mayhew, Rhonda never lived with Mr. Mayhew in a regular parent-child relationship.
 
 
 22
 Mrs. Mayhew argues that the "lived with" requirement should be liberally construed in Rhonda's case because Rhonda was prevented from living with Mr. Mayhew due to his failing health and the restrictions at the Roosevelt Hotel. However, these facts do not alter the statutory requirement that as a stepchild, Rhonda must have "lived with" Mr. Mayhew in a "regular parent-child relationship" before she is entitled to a survivor's annuity. As stated by the United States Supreme Court in Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1990): "[W]e cannot accept the suggestion ... that the terms of a statute should be ignored based on the facts of individual cases. Here the relevant statute by its terms excludes respondent's claim, and his remedy must lie with Congress."
 
 
 23
 The finding of the AJ that Rhonda Mayhew failed to meet her burden on the "lived with" requirement of 5 U.S.C. § 8341 is supported by substantial evidence and is correct as a matter of law. Accordingly, the decision of the MSPB is affirmed.
 
 
 
 [1]
 Mrs. Mayhew initially appealed a 27 July 1990 decision of the MSPB denying her application for survivor benefits under the CSRA as the widow of Carl N. Mayhew. Mayhew v. Office of Personnel Management, Appeal No. 91-3107. At the request of OPM, this court remanded that appeal to address Mrs. Mayhew's application for a survivor annuity for her daughter, Rhonda Mayhew, as the stepchild of Carl N. Mayhew which was not addressed in the 27 July 1990 decision. This decision will address the issues of survivor benefits for both Mrs. Mayhew and Rhonda Mayhew
 
 
 [2]
 Mrs. Mayhew submitted evidence to OPM that she and Mr. Mayhew had commenced a common-law marriage sometime in 1984
 
 
 [3]
 OPM initially denied Mrs. Mayhew's application for benefits because she had not been married to Mr. Mayhew for at least nine months before his death as required by 5 U.S.C. 8341(a)(1). Mrs. Mayhew appealed OPM's initial decision on the basis that she and Mr. Mayhew had commenced a common-law marriage sometime in 1984. By reconsideration decision dated 30 March 1990, OPM again denied Mrs. Mayhew's application. OPM found that Mr. Mayhew had failed to submit a written election of survivor benefits for Mrs. Mayhew as required by 5 U.S.C. 8339(j)
 
 
 [4]
 OPM initially denied benefits for Rhonda because she had not established that she was financially dependent on Mr. Mayhew. Upon reconsideration, however, OPM held that such a showing was unnecessary in this case and based its denial on Rhonda's failure to meet the "lived with" requirement of 5 U.S.C. § 8341